[43 NE3d 762, 22 NYS3d 405]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDELOUAHAD AFILAL, Appellant.

Argued October 20, 2015; decided November 24, 2015

APPEARANCES OF COUNSEL

*Seymour W. James, Jr.*, *The Legal Aid Society*, New York City (*Seth Steed* of counsel), for appellant.

*Cyrus R. Vance, Jr.*, *District Attorney*, New York City (*Alan Gadlin* and *Hilary Hassler* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Term should be reversed and the accusatory instrument dismissed. Defendant was charged with and pleaded guilty to criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]). On appeal he challenges the sufficiency of the accusatory instrument, claiming that it fails to allege sufficient facts to establish the "public place" element of section 221.10 (1).

A person is guilty of criminal possession of marihuana in the fifth degree "when [such person] knowingly and unlawfully possesses . . . marihuana in a public place . . . and such marihuana is burning or open to public view" (Penal Law § 221.10 [1]). Public place means

> "a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence" (Penal Law § 240.00 [1]).

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Case*, 42 NY2d 98, 99 [1977]). Defendant waived prosecution by information and, therefore, the sufficiency of the accusatory instrument is assessed under the standard applicable to a misdemeanor complaint. Under that standard, the

complaint must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]), and the factual allegations must "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]; *see People v Dumay*, 23 NY3d 518, 522 [2014]).

Here, the People concede that the accusatory instrument could have more precisely pleaded the public nature of defendant's location by alleging that he was standing on a sidewalk or in a park, when the officer saw him holding a bag of marihuana. We agree that either of these assertions describes a location within the definition of Penal Law § 240.00 (1) (*see* Penal Law § 240.00 [1] [public place includes "places of amusement, parks, playgrounds"]; *People v Campbell*, 41 Misc 3d 143[A], 2013 NY Slip Op 52057[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [officer "observed the defendant on a sidewalk which is a public place, and in possession of a quantity of marihuana"], *lv denied* 22 NY3d 1155 [2014]). Given the absence of such factual allegations, and the instrument's reliance otherwise on conclusory statements that do no more than track the language of Penal Law § 221.10 (1), the complaint fails to meet the reasonable cause requirement and should be dismissed (*see People v Dreyden*, 15 NY3d 100, 103 [2010]; CPL 100.40 [4] [b]; *Dumay*, 23 NY3d at 522).

Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

Order reversed and accusatory instrument dismissed, in a memorandum.